**Raouf MALAK, Petitioner–Appellant,**

v.

**BEAR STERNS SECURITIES CORP.
and Valetin Manglapus,
Respondents–Appellees,**

**Bear Stearns & Co., Inc., Respondent–
Appellee.**

**No. 04–1141–CV.**

United States Court of Appeals,
Second Circuit.

Oct. 29, 2004.

Claire A. Wood, Kalbian, Hagerty L.L.P., Washington, DC, (Haig V. Kalbian, Kalbian Hagerty L.L.P., Washington, DC, on the brief), for Appellant.

Jonathan M. Hoff, Cadwalader, Wickersham & Taft LLP, New York, N.Y. (Douglas I. Koff, Cadwalader, Wickersham & Taft LLP, New York, NY, on the brief), for Appellees.

PRESENT: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

*SUMMARY ORDER*

Petitioner-appellant Raouf Malak appeals the January 29, 2004 order of the United States District Court for the Southern District of New York (Duffy, *J.*), denying Malak's petition to compel arbitration against Bear Stearns Securities Corp. (sued as "Bear Sterns Securities Corp."), Valetin Manglapus, and Bear Stearns & Co., Inc. (collectively, "Bear Stearns"). Malak contends that the district court erred in concluding that Malak's dispute with Bear Stearns was not arbitrable under National Association of Securities Dealers Dispute Resolution Code Section 10301(a) ("Rule 10301(a)"). We assume that the parties are familiar with the facts, the procedural context, and specification of the appellate issues.

To compel arbitration under Rule 10301(a), Malak must establish: (i) that he is a "customer" of Bear Stearns (or some person "associated" with Bear Stearns); and (ii) that his claims arise in connection with Bear Stearns' (or the associated person's) activities. *John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 58 (2d Cir. 2001). "[W]here investors pool their funds and relinquish all investment authority to a third party who deals with an NASD broker, that third-party, not the investors, will normally be the broker's customer." *Bensadoun v. Jobe–Riat*, 316 F.3d 171, 178 (2d Cir.2003). Malak concedes that he pooled his investments in a fund to be managed by a third party, who retained complete control over Malak's investments throughout the relevant time period. She, therefore, not Malak, was Bear Stearns' "customer" for purposes of Rule 10301(a).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.